HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT M. HOUGH, | No. 12-cv-5661-RBL |
| Debtor and Appellant, | ORDER |
| v. | |
| FRANK STOCKBRIDGE and SUSAN STOCKBRIDGE, | |
| Creditor and Appellees. | |

### BACKGROUND

Before the Court is a Hatfield-and-McCoy-esque battle between neighbors. The material facts are entirely undisputed. In 1998, the Houghs sought a restraining order against their next-door neighbors, the Stockbridges. The Pierce County Superior Court issued reciprocal orders—each was to stay away from the other. *See Hough v. Stockbridge*, No. 31813-0-II, 2005 WL 2363795 (Wash. Sup. Ct. Sept. 27, 2005). While the orders were in place, the Houghs filed "numerous complaints . . . with the sheriff's office, the county department of planning and land services, the Humane Society, the assessor's office, and the fire department. None of these complaints resulted in any violation findings." *Id.* At the expiration of the restraining orders, the Stockbridges understandably requested a permanent order. *Id.* The superior denied the request, although it "noted that it could understand the Stockbridges' concern." *Id.* Mr. Hough, appearing *pro se*, then sued the Stockbridges for abuse of process and defamation. *See Hough v.*

Order - 1

*Stockbridge*, 152 Wash. App. 328, 334 (2009).  Hough claimed "that as a result of petitioning for a permanent anti-harassment order . . . , the Stockbridges had caused general and special damages and defamed him."  *Hough*, 2005 WL 2363795.  The Stockbridges counterclaimed for abuse of process, emotional distress, and malicious prosecution.  *Id.*

The case went to arbitration.  *Hough v. Stockbridge*, 152 Wash. App. 328, 334 (2009).  The arbitrator awarded the Stockbridges approximately $25,000 in damages and attorneys' fees.  *Id.*  Hough demanded a trial by jury.  *Id.*  The trial judge proceeded, but (perhaps in an effort to avoid wasting twelve jurors' time) held a bench trial, and awarded $36,000 in damages and more than $50,000 in attorney's fees to the Stockbridges.  The appellate court reversed, believing a jury necessary.

Hough then filed "more than 49 motions, pleading, and discovery documents," many "were redundant," but each "required that the Stockbridges respond and/or appear in court."  *Id.* at 335.  At trial, one juror sent a note asking the judge if Hough was "delusional" or was diagnosed with obsessive compulsive disorder.  *Id.*  The jury ultimately awarded approximately $250,000 to the Stockbridges.  *Id.*  On appeal, the appellate court noted that "a jury could, and did, infer from the frequency, number, and nature of Mr. Hough's motions and other process, that the documents were not only improper but filed to harass the Stockbridges and increase their cost of litigation."  *Id.* at 346–47.

In 2011, Hough filed bankruptcy under Chapter 7, listing virtually no debt other than the judgment owed to the Stockbridges.[1]  Judge Snyder, in an excellent review of Washington law, held that because malice is implicit in abuse of process, the debt was nondischargeable.  This Court agrees.

## DISCUSSION

The bankruptcy code prevents a debtor from discharging any debt incurred by "willful and malicious injury by the debtor to another entity . . . ."  11 U.S.C. 523(a)(6).  Willful acts are those that are voluntary and intentional: "nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."  *Kawaauhau v. Geiger*, 523

---

[1] Hough owed only $1,036.44 other than the judgment.

U.S. 57, 61 (1998).  Malice requires: "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse."  *In re Sicroff*, 401 F.3d 1101, 1106 (9th Cir. 2005).  In determining whether Hough's actions were willful and malicious, Judge Snyder necessarily considered the underlying tort judgment—abuse of process.

Abuse of process is the "misuse of application of the process, after the initiation of the legal proceeding, for an end other than that which the process was designed to accomplish." *Saldivar v. Momah*, 145 Wash. App. 365, 388 (2008).  A claimant must establish two elements: "(1) the existence of an ulterior purpose to accomplish an object not within the proper scope of the process, and (2) an act in the use of legal process not proper in the regular prosecution of the proceedings." *Mark v. Williams*, 45 Wash. App. 182, 191 (1986), *review denied*, 107 Wash. 2d 1015 (1986).

Hough argues that because malice is not an express element of abuse of process, the jury's verdict could not resolve the issue of dischargeability.  In short, the verdict does not have collateral estoppel effect.  Judge Snyder disagreed.  In a thorough review, Judge Snyder reasoned as follows:

> An essential element of an abuse of process claim in Washington State is that the tortfeasor improperly use legal process for an "ulterior purpose." This Court agrees with the conclusion reached by the bankruptcy court in *Thompson v. Myers* (*In re Myers*), 235 B.R. 838, 845 (Bankr. D. S.C. 1998), that "willfulness" is necessarily inherent in this definition. *Myers*, 235 B.R. at 845. As a required element of an abuse of process claim is that the party had an "ulterior purpose," the claim necessarily requires a motive to inflict injury.  Accordingly, the Court determines that the willfulness element is established by the abuse of process judgment.
>
> The more difficult issue is the maliciousness requirement. Although recognizing that most, if not all, bankruptcy court and appellate courts that have addressed this issue have determined that a judgment based upon an abuse of process claim is nondischargeable under 11 U.S.C. § 523(a)(6), the Debtor urges this Court to reach a contrary conclusion.  The Debtor's well written brief summarizes the case law and attempts to distinguish the contrary authority.  The Court, however, is not convinced. The Debtor's focus on the lack of the term "malice" as a specified element in an abuse of process claim, as opposed to a malicious prosecution claim, is misplaced.  Thus, this is not a sufficient basis to distinguish the present adversary proceeding from those cases where both a claim for malicious prosecution and abuse of process were alleged. *See, e.g.*, *Fischer v. Scarborough* (*In re Scarborough*), 171 F.3d 638, 643 (8th Cir. 1999) (collateral estoppel applied to preclude relitigation of malicious prosecution and abuse of process claim); *Rossi v. Abbo* (*In re Abbo*), 168 F.3d 930, 931–32 (6th Cir. 1999) (finding that state court judgment for both malicious prosecution and abuse of process preclusively determined nondischargeability of debt).

> The primary distinction between a malicious prosecution claim and abuse of process claim is not the presence or absence of malice, but the timing of the act. An abuse of process claim requires a misuse of process after the initiation of a legal proceeding. Thus, the mere fact that a party filed vexatious litigation would not be sufficient to establish an abuse of process claim, but could support a claim for malicious prosecution. *See Saldivar*, 145 Wash. App. at 388-89.
>
> . . .
>
> [T]he Debtor argues that malice is not a necessary element of an abuse of process claim in Washington State. *See* 1 Am. Jur. 2d, *Abuse of Process* § 8, n.1. This footnote contains a citation to the Washington State Court of Appeals Division 2 decision of *Fite v. Lee*, 11 Wash. App. 21 (1974). The *Fite* decision, however, does not stand for the proposition for which it is cited. Nowhere in this decision does the court rule that malice is not an element of abuse of process claim. In *Fite*, the court stated that the "mere institution of a legal proceeding even with a malicious motive does not constitute an abuse of process." *Fite*, 11 Wash. App. at 27–28. With this statement, the court did not hold that malice is not an element of abuse of process, but correctly distinguished an abuse of process claim from one for malicious prosecution. As stated above, the distinguishing factor is not the presence or lack of malice, but the timing.
>
> More importantly, the Washington State Court of Appeals in *Fite* cited with approval the Washington State Supreme Court decision of *Rock v. Abrashin*, 154 Wash. 51 (1929). *Fite*, 11 Wash. App. at 27. In this decision the Washington State Supreme Court stated: "Without citing cases—these may be found under the appropriate heads in any of the standard texts—it may be said generally that the abuse of legal process consists of the ***malicious*** perversion of a regularly issued process whereby a result is obtained, or sought to be obtained, not properly obtainable under it." *Rock v. Abrashin*, 154 Wash. 51, 53 (1929) (emphasis added). Thus, it appears that Washington State does recognize malice as an implicit element of an abuse of process claim.
>
> Although the Debtor's arguments in opposition to summary judgment were persuasive and well-briefed, the Debtor's focus on the lack of the term "malice" as a stated element of an abuse of process claim is misplaced. In the Ninth Circuit, it is accepted that malice may be inferred based on the nature of the wrongful act. *See In re Ormsby*, 591 F.3d 1199, 1207 (9th Cir. 2010). Although the word "malice" is not specifically stated as an element of an abuse of process claim, this Court concludes that in order for the jury to have found that the Debtor was liable, it necessarily must have found that he committed a wrongful act, intentionally, which necessarily caused injury and without just cause or excuse. In "improperly" using legal process, the Debtor necessarily committed a wrongful act. In doing so for an "ulterior purpose," such act was intentional and necessarily caused injury.

*In re Hough*, No. 1145987, Adv. No. 114490 (W.D. Wash. Bankr., July 7, 2012) ) (emphasis added). The Court agrees. Not only does Washington case law support the conclusion that malice is implicit in abuse of process, but common sense does as well. The basis of the tort is the targeted use of legal process for an "ulterior purpose," which might as well say "improper purpose." In short, a defendant could not be found liable of abuse of process without intentionally causing harm to a particular person, which is of course the definition of malice. If there were a legal excuse or justification, there would be no tort.

Further, although Judge Snyder resolved the issue purely on collateral estoppel grounds, it is worth noting as an aside that no reasonable factfinder could conclude that Hough acted with anything other than malice.  He waged a decade-long battle against his neighbors without any basis.  He filed *forty-nine* separate motions, pleadings, and discovery documents during his trial—a mountain of paperwork that could only be the product of malice.  Judge Snyder concluded as every other arbitrator, jury, and judge has (including this Judge): Mr. Hough is a malicious abuser of process.

## CONCLUSION

For the reasons above, Mr. Hough's appeal is **DENIED**.

Dated this 23rd day of April 2013.

*/s/ Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE